UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK BENNETT,

               Petitioner,

      v.

THE UNITED STATES OF AMERICA,

               Defendant.

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 11, 2013

No. 05 Civ. 3666 (PAC)

**MEMORANDUM DECISION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Patrick R. Bennett ("Bennett"), appearing *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons stated below, Bennett's petition (the "Petition") is DENIED.[1]

## BACKGROUND

### A. Procedural History

This matter has had a long and complicated history over the past 15 years, which is recounted in multiple opinions and orders by the District Court and the United States Court of Appeals for the Second Circuit, familiarity with which is assumed. See, e.g., Bennett v. United States, 663 F.3d 71, 73–83 (2d Cir. 2011) ("Bennett VII").

In summary, on October 28, 1998, Bennett and three co-defendants were charged in a 106-count indictment with, *inter alia*, securities fraud, mail fraud, bank fraud, money laundering, conspiracy to obstruct justice and commit perjury, obstruction of justice, and perjury.

At the first trial, which was before the Honorable Thomas P. Griesa and ended in March 1999, the jury convicted Bennett of one count of obstruction of justice, two counts of conspiracy

---

[1] The Court construes Bennett's *pro se* filings to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). The issues raised by Bennett's Petition can be resolved on the papers, and thus the Court denies Bennett's motions for oral argument and an evidentiary hearing.

to obstruct justice and commit perjury, and four counts of perjury, but was unable to reach a verdict on the other counts. In the second trial, which was before the Honorable John S. Martin, Jr. and ended in June 1999, Bennett was convicted of two counts of securities fraud, five counts of bank fraud, five counts of engaging in monetary transactions with criminally derived property, and thirty counts of money laundering. Judge Martin sentenced Bennett to thirty years imprisonment and ordered forfeiture of certain assets.

On May 31, 2001, the Second Circuit affirmed Bennett's convictions. See United States v. Bennett, No. 00-1330 (2d Cir. May 31, 2001) (summary order) ("Bennett I"). The Second Circuit simultaneously vacated Bennett's sentence and remanded to the District Court for resentencing, holding that Judge Martin improperly enhanced Bennett's sentence based on the refusal of Bennett's wife to surrender assets held in her name that were derived from the underlying criminal conduct for which Bennett was convicted. See United States v. Bennett, 252 F.3d 559, 562–65 (2d Cir. 2001) ("Bennett II"), cert. denied 535 U.S. 932 (2002).

On remand, Judge Martin resentenced Bennett to twenty-two years imprisonment, and re-imposed the same nonincarceratory penalties. In his resentencing, Judge Martin upwardly departed from the Sentencing Guidelines recommendation by two years based on Bennett's own concealment of assets. A new judgment of conviction was entered on June 6, 2002. On appeal, the Second Circuit affirmed this sentence. See United States v. Bennett, No. 02-1379 (2d Cir. Sept. 18, 2003) (summary order) ("Bennett III"), cert. denied 540 U.S. 1134 (2004).

Bennett's direct appeal from the resentencing was still pending when, on March 17, 2003, Bennett filed a 28 U.S.C. § 2255 petition to vacate his sentence and conviction on the grounds that, *inter alia*, he had received ineffective assistance of counsel at his second trial. This Court denied the petition. See Bennett v. United States, No. 03 Civ. 1852 (PAC), 2006 WL 738162

(S.D.N.Y. Mar. 22, 2006) ("Bennett IV"); see also Bennett v. United States, No. 03 Civ. 1852 (PAC), 2006 WL 1751242 (S.D.N.Y. June 26, 2006). Bennett appealed the Court's order, and on December 3, 2008, pursuant to United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994), the Second Circuit remanded the matter to permit the Court to conduct an evidentiary hearing with regard to certain of Bennett's ineffective assistance of counsel claims. See Bennett v. United States, 301 F. App'x 31 (2d Cir. 2008) ("Bennett V").

On remand, the Court conducted a two day hearing, and concluded that Bennett's contentions in support of his ineffective assistance of counsel claim were "incredible," and that Bennett's trial counsel was effective. See Bennett v. United States, No. 03 Civ. 1852 (PAC), 2009 WL 3614613, at *12 (S.D.N.Y. Nov. 3, 2009) ("Bennett VI").[2]

The Second Circuit restored Bennett's appeal, and on December 9, 2011, affirmed this Court's denial of Bennett's Section 2255 petition. See Bennett VII, 663 F.3d at 83–89.

### B. The Instant Petition

This recounting is not a complete catalog of the dozens of motions, affidavits, affirmations, letters, and other materials Bennett filed before this Court, the Second Circuit, and other courts.[3] This brings us to the current Petition (docketed April 11, 2005), which alleges the ineffective assistance of counsel in the appeal from the resentencing.[4]

---

[2] The Court noted that "[c]ross examination demonstrated that Bennett is a person who would say or do anything he thought would give him a temporary advantage. . . . Bennett is not credible." Id.

[3] See, e.g., Bennett v. Wellinger, No. 10 Civ. 172J (LPL), 2011 WL 3735053 (W.D. Pa. Aug. 24, 2011) (dismissing Bennett's 28 U.S.C. § 2241 petition because of pendency of matters in this circuit); Bennett v. United States, No. 03 Civ. 1852 (SAS), 2004 WL 2711064, at *8 (S.D.N.Y. Nov. 23, 2004) (noting "Bennett has submitted numerous *pro se* motions and letters although he is represented by counsel in the instant matter. As a result, there are several duplicate filings and a number of letters requesting the same action from both petitioner and his attorney," and ordering Bennett to cease filing duplicative papers). See generally Dkts. 97 Cr. 639, 03 Civ. 1852, 05 Civ. 3666 (S.D.N.Y.), 06-2443-pr (2d Cir.).

[4] The Petition initially raised additional claims, which Bennett has abandoned. (See ECF Nos. 6, 16-7.)

**DISCUSSION**

I.   **JURISDICTION**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") bars a "second or successive" Section 2255 petition, unless permitted by the appropriate court of appeals.  See 28 U.S.C. § 2255(h).  The Government asserts that because Judge Martin imposed a new sentence upon remand from Bennett II, the instant Petition is not a "second or successive" petition, and thus the Court has jurisdiction over this petition.  See Magwood v. Patterson, 130 S.Ct. 2788, 2802 (2010) (holding that where "there is a new judgment intervening between . . . two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive'" (internal quotations omitted)); Johnson v. United States, 623 F.3d 41, 45–46 (2d Cir. 2010).  But no intervening sentence or judgment was entered between the filing of the original petition (under docket 03 Civ. 1852) and the instant Petition (under docket 05 Civ. 3666), both of which challenge the June 5, 2002 judgment (incorporating the underlying resentencing), albeit on different grounds.  See Johnson, 623 F.3d at 45.

Since Bennett filed the instant Petition while his initial petition was still pending, however, AEDPA's gatekeeping provisions regarding second or successive petitions were not triggered.  See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005); Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002).  "[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice."  Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001).  The 2005 Petition is not considered second or successive because no ruling on the merits of the initial petition had been issued when Bennett filed it.[5]

---

[5]  Before the Court's order in Bennett IV, Bennett had moved pursuant to Ching to amend his original petition to incorporate the grounds raised by the instant Petition.  See Ching, 298 F.3d at 177.

4

## II.     INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Bennett contends his counsel on the appeal from the resentencing was ineffective because appellate counsel failed to raise in the "questions presented" or opening brief that Judge Martin erred when he imposed an upward departure of two years based on Bennett's actions in transferring assets in order to shield them from potential creditors and victims.[6]  Bennett claims this error by counsel resulted in the Second Circuit not considering this argument and instead affirming the sentence Judge Martin imposed on resentencing.

The Second Circuit in Bennett II held it was improper for Judge Martin to impose an upward departure based on the refusal of Bennett's wife to forfeit certain assets.  On remand, however, Judge Martin was free to consider additional factors, including:

> whether, apart from Mrs. Bennett's refusal to surrender the properties, [Bennett's] own acts of concealment or any other appropriate factors warrant a departure above the twenty-year sentence [Judge Martin] stated would have been imposed had the properties been surrendered.  Bennett II, 252 F.3d at 565.

At the resentencing, Judge Martin stated that he would not base any upward departure on grounds he had not considered at the original sentencing.  Judge Martin then ruled that the original upward departure was based not only on the refusal by Bennett's wife to surrender assets, but also on Bennett's own actions in transferring assets.  Judge Martin ruled that the Second Circuit's opinion in Bennett II left him the option to impose an upward departure based on Bennett's own actions, and as such, imposed a two-year upward departure.  Bennett claims

---

[6] To provide some sense of the legal games being played here, the Court notes that throughout the proceedings in this matter, Bennett has availed himself of the assistance of counsel when he has seen it fit, but has attempted to disassociate himself from counsel when he believes it will give him a tactical advantage and allow him to file additional materials or raise additional claims on his own. (E.g., ECF No. 5 ¶ 15; Dec. 22, 2004 Mem. of Law in Supp. at 10.)  See also Bennett, 2004 WL 2711064.  In addition, despite Bennett (in 2005) accusing counsel of being ineffective in the direct appeal of his resentencing (in 2002–2003), the same counsel continued to represent Bennett in the proceedings and appeals relating to the initial Section 2255 petition (from 2003–2011).  See, e.g., Bennett VII, 663 F.3d 71; Bennett VI, 2009 WL 3614613.  Counsel now professes that "I can certainly live with being called ineffective" if this outcome would be helpful to his former client, Bennett. (ECF No. 20 ¶ 16.)

5

Judge Martin's rulings regarding the grounds for his original upward departure were improper and that counsel was ineffective for failing to properly raise this argument on appeal.

Under the test of Strickland v. Washington, 466 U.S. 668 (1984), "to establish ineffective assistance of appellate counsel, [a petitioner] must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009) (internal quotations omitted). In order to satisfy the first prong of the Strickland test, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)). A habeas petitioner, however, "may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533.

Bennett cannot satisfy the Strickland test. As to counsel's performance, Bennett cannot show that counsel omitted a significant and obvious issue because, contrary to Bennett's assertions, appellate counsel argued in the opening brief on direct appeal from the resentencing that the law of the case doctrine precluded Judge Martin from imposing an upward departure. (See ECF No. 16-3, Br. of Def.-Appellant at 62.) Appellate counsel argued that the Second Circuit in Bennett II "clearly found . . . that the entire 120-month upward departure originally imposed was imposed solely due to failure of Mr. Bennett and his wife 'to surrender

properties[,]'" and that "[t]his became law of the case and the mandate rule prohibits the district court on remand from altering this ruling." (Id. (quoting Bennett II, 252 F.3d at 564).) Appellate counsel repeated this argument in the reply brief. (See ECF No. 16-6, Reply Br. of Def. Appellant at 26–27.) Bennett and his former appellate counsel now assert that the argument appellate counsel raised on appeal (that Judge Martin violated the law of the case) is different than the argument Bennett now claims should have been raised—that Judge Martin on remand improperly made new factual findings (about his grounds for the original upward departure) that differed from those made by the Second Circuit (that Judge Martin's original upward departure was based solely on the refusal of Bennett's wife to surrender assets). This is a distinction without a difference. No matter how this argument is characterized now—whether Judge Martin violated the law of the case or improperly made new factual findings at variance to the Second Circuit's opinion—it is the same argument that was raised on direct appeal from resentencing.

It is equally meritless to suggest that because the Second Circuit in Bennett III did not list this argument in its summary order denying the appeal, this means appellate counsel was ineffective for failing to raise it. As this Court has noted, "[t]he Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically—or not—to arguments made by the parties." Devinsky v. Kingsford, No. 05 Civ. 2064 (PAC), 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008) (citing Rita v. United States, 551 U.S. 338, 356 (2007)). Such reasoning applies equally—indeed with greater force—in the context of a summary order affirming a district court's decision following a limited remand.

Bennett also claims that because the law of the case argument constitutes only a few sentences in the opening appellate brief, the Second Circuit did not consider it. See Coalition on W. Valley Nuclear Wastes v. Chu, 592 F.3d 306, 314 (2d Cir. 2009) ("Appellant's two-sentence

legal analysis in their opening brief is insufficient to preserve this issue for appellate review[.]"). Even if this were true, and the Court were to credit counsel's assertion that he "did not contemplate making the argument in the context of stating that the district court imposed the enhancement by making a factual finding . . . that was inconsistent with the Second Circuit's and its prior factual finding" (ECF No. 20 ¶ 13), Bennett has failed to show this argument was "significant and obvious," and that the arguments counsel did pursue "were clearly and significantly weaker." Mayo, 13 F.3d at 533; see Carter v. Scully, 745 F. Supp. 854, 856 (E.D.N.Y. 1990) ("[A]ppellate counsel cannot be faulted for not pursuing every issue on appeal, even when pressed to do so by the client."). The Second Circuit's rejection of the arguments it noted in Bennett III does not by itself make those arguments clearly and significantly weaker, and Bennett's *post hoc*, bald assertions that the "new factual findings" argument was a "sure winner" do not make it so. Having examined the record, the Court concludes this argument was not clearly significant and obvious, nor was it clearly and significantly stronger than those appellate counsel presented. See Mayo, 13 F.3d at 533.

Quite apart from whether appellate counsel's representation fell below an objective standard of reasonableness, there would be no prejudice under the second Strickland prong because Bennett's argument is futile. See Torres v. McGrath, 407 F. Supp. 2d 551, 562 (S.D.N.Y. 2006) (Chin, J.) ("As the failure to make a meritless argument does not amount to ineffective assistance, appellate counsel was not constitutionally ineffective." (internal quotations omitted)). In Bennett II, the Second Circuit explicitly held that on remand Judge Martin could upwardly depart from the Sentencing Guidelines recommendation based on Bennett's own conduct in concealing certain assets:

> On remand, Judge Martin will be entitled to consider whether, apart from Mrs. Bennett's refusal to surrender the properties, [Bennett's] own acts of concealment

8

or any other appropriate factors warrant a departure above the twenty-year sentence he stated would have been imposed had the properties been surrendered. Bennett II, 252 F.3d at 565.

Judge Martin did precisely what the Second Circuit said he could. On appeal from the resentencing, the Second Circuit affirmed the upward departure, notwithstanding Judge Martin having stated that he would not consider grounds for an upward departure which he had not considered in the original sentencing. See Bennett III. Bennett has not shown that there is a reasonable probability that, had counsel advanced the argument as Bennett now styles it, the result of the appeal would have been different.[7]

Bennett's other claims—that appellate counsel was ineffective for failing to argue that Judge Martin did not make the required findings of fact for the upward departure at resentencing, that Judge Martin imposed the upward departure premised on an improper basis, and that the twenty-four month upward departure was unreasonable—all fail.[8] Each of these arguments was properly raised by counsel on direct appeal from the resentencing, and even if they had not been, each of these arguments would have been frivolous. (See ECF No. 15 at 17–22.)

"At some point all litigation must end." Jimenez v. United States Dist. Ct. for the S. Dist. of Fla., 84 S.Ct. 14, 19 (1963) (Goldberg, J., in chambers). For Bennett, that moment is

---

[7] The Court also notes that while the Second Circuit held that it was improper to consider the refusal of Bennett's wife to surrender assets as a ground for an upward departure, it did not hold that Judge Martin *only* considered her actions (and not Bennett's) in imposing the original upward departure. Rather, the actions of Bennett and his wife were considered and reviewed together. See Bennett II, 252 F.3d at 561 ("Judge Martin made clear at this hearing that 'it was very important that every dollar of money that Bennett and his family had taken from the investors in this case be repaid.'"); id. ("He also noted that 'Mr. Bennett and his wife are still endeavoring to keep the proceeds of the fraud,' and said that 'based on this fact' he would additionally depart upward ten years."); id. at 562 n.3 ("The record is clear that Judge Martin imposed the upward departure because Bennett and his wife refused to surrender [assets]."); id. at 564 ("[T]he enhancement for Bennett was explicitly imposed because he *and his wife* refused to surrender the properties."). On resentencing, Judge Martin focused only on Bennett's conduct, and excluded consideration of the actions of Bennett's wife.

[8] Bennett appears to agree, abandoning his other ineffective assistance arguments in his reply papers and focusing almost exclusively on the law of the case/factual findings argument. (See ECF No. 18.)

now at hand with regard to the propriety of Bennett's two trials, sentencing and resentencing, and appeals of his convictions and sentencings. As evidenced by the condensed summary of the procedural history in this matter, Bennett's claims have received a complete and thorough review both in the District Court and the Second Circuit. At this point, Bennett is relitigating issues that have been previously argued and adjudicated. Cf. Schlup v. Delo, 513 U.S. 298, 312 (1995) (noting that, in the context of collateral review, courts should "accommodate[] both the systemic interests in finality . . . and conservation of judicial resources, and the overriding individual interest in doing justice" (internal quotations omitted)); Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992) (noting, in a different 28 U.S.C. § 2255 context, the interests of "finality, accuracy[,] and the integrity of prior proceedings, as well as concerns of judicial economy").[9]

## CONCLUSION

For the foregoing reasons, Bennett's Petition is DENIED. Because Bennett has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment and terminate docket entry 1 in this matter, and to close docket 97 Cr. 639.

Dated: New York, New York
January 11, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[9] (See also Order (Jan. 11, 2013), ECF No. 74, Bennett v. United States, No. 03 Civ. 1852 (PAC) (S.D.N.Y.).)

Copies mailed by chambers to:
Patrick R. Bennett 38551-054
Federal Prison Camp-Loretto
P.O. Box 1000
Loretto, PA 15940

11